## GOODWIN *vs.* *The Inhabitants of* HALLOWELL.

In the case of an appeal to the Court of Sessions, on the refusal of a town to accept a road, laid out by the selectmen, the record shew that the road was laid out by a *majority* of the selectmen, at a meeting held at a particular time and place, in pursuance of notice in a public newspaper, published in the same town. *Held,* that the proceedings of the selectmen were valid.

The selectmen of a town having legally laid out a town way, which the town refused to approve and allow, and the parties aggrieved having appealed to the Court of Sessions, that court has *jurisdiction,* by virtue of the *11th section* of *stat.* of 1821, *ch.* 118.

The adjudication of the Court of Sessions, that a town *unreasonably* refused, is final and conclusive upon that point.

It is competent for a committee appointed by the Court of Sessions, adhering to the *termini,* to vary the way in other respects from the laying out of the selectmen.

Where no objection was taken that one of said committee was not a *freeholder,* either at the time of their locating the road, or at the Court when their return was accepted, it was held to be a *waiver* of the objection.

Irregularities appearing upon the face of the proceedings upon roads, within the jurisdiction of the Court of Sessions, can only be corrected upon *certiorari.*

Where a town way is laid out by the selectmen, but not approved and allowed by the town, and afterwards is located and established on appeal to the Court of Sessions by the parties aggrieved, its character is not thereby changed to a *county road,* and the payment of damages to individuals transferred from the town to the county.

The return of the selectmen, of the location of a way, denominated by them " *a town road or highway,*" sufficiently shows for *whose use* it was made.

THIS was an action of *debt,* brought to recover the amount of damages that had been awarded to the plaintiff by a committee appointed by the Court of Sessions, for the location of a way, in part over the plaintiff's land, and was submitted for the decision of the court, upon the following agreed statement of facts.

By a recital in the record of the Court of Sessions, it appeared that on the first day of *December,* 1828, two of the selectmen of *Hallowell,* at a regular meeting, called by notice published in a paper printed at *Hallowell,* laid out the town road in question, and which was particularly described in their return. At a meeting of the inhabitants of *Hallowell,* on the 27*th* of *March,* 1828, an article having been inserted in the warrant to see if the town would accept the road aforesaid, a vote passed indefinitely post-

poning said article. The record then set forth the petition of *Asa Davis*, in which all the prior proceedings were stated, and asking that the Court of Sessions would accept the way as located by the selectmen, and order the same to be recorded in the town books, or that they would cause the way to be laid out by a committee of three disinterested freeholders, according to law, on the ground that the town had unreasonably neglected and refused to do it. After due notice and two continuances, the court adjudged that the town of *Hallowell* had unreasonably refused to approve and allow the road laid out by the selectmen, and thereupon ordered, that the road as prayed for in the petition of *Phillip Bullen* and others, to the selectmen of *Hallowell*, be laid out by a committee of three disinterested freeholders ; and appointed *Nathaniel Robinson* and two others a committee for that purpose. Then followed the recital of the warrant to the said committee, and their report corresponding with the original location as to the *termini*, though otherwise materially varying from it — and in which damages were awarded to the owners of the land, over which the way was located, and among others, to the plaintiff the sum claimed in this action. It further stated that the town of *Hallowell* had notice and was fully heard.

It was agreed that it did not appear by the records of the town of *Hallowell*, or those kept by the selectmen of that town, that the road was laid out by them in pursuance of any application to them in writing. That one of the committee appointed by the Court of Sessions to locate said road and estimate the damages, was not a freeholder. That though both locations, that is, by the selectmen, and the Court of Sessions, passed over the plaintiff's land, yet that he should not have claimed damages if it had been established as first located. That no order or direction was ever made or passed by the Court of Sessions, for the town of *Hallowell* to pay the plaintiff the damages claimed in this action. That, the plaintiff demanded of the treasurer of *Hallowell*, payment of the sum now claimed, at least thirty days before the commencement of the suit. That the selectmen knew that the sum of forty dollars had been awarded to the plaintiff, and that the report of the committee had been accepted. That the town of *Hallowell* caused said road to be made by contract in 1830,

although they have always objected to its location; and have ever since continued to keep it in repair, regularly assigning it to the highway surveyors.

A default or nonsuit it was agreed should be entered according to the opinion of the Court upon the whole case.

*Lombard,* for the plaintiff, maintained that the proceedings in the location of the road were regular, and that the plaintiff therefore was entitled to recover the amount of damages awarded by the committee.

*Clark,* for the defendants, contended that on the location by the Court of Sessions the road became a *county road,* and that therefore the town of *Hallowell* was not liable in this action. He contended further, that the location was not in conformity to the requirements of law, and that therefore the plaintiff was not entitled to recover.

The record does not shew, as it should, for *whose use* the road was laid out.

There should have been an order of the Court of Sessions for the payment of the damages. The remedy under the *stat.* of 1828, *ch.* 399, is merely cumulative — the remedy by warrant of distress still exists. *Gedney* v. *Tewksbury,* 3 *Mass.* 307; *Commonwealth* v. *Bluehill Turnpike,* 5 *Mass.* 420; *Commonwealth* v. *Milford,* 4 *Mass.* 446; *Commonwealth* v. *The Justices of the Court of Sessions, County of York,* 5 *Mass.* 435; *Rice* v. *Barre Turnpike Corporation,* 4 *Pick.* 130.

The proceedings show a want of jurisdiction in the Court of Sessions; and that the defendants may avail themselves of this objection in defence of this action, cite *Smith* v. *Rice,* 11 *Mass.* 513; *Com. Dig. Error, D;* 2 *Mass.* 207; 1 *Cowp. Rep.* 26; 4 *Burr.* 2244.

The Court had no jurisdiction, because the petition does not set out for *whose use* the road is to be laid out. It should appear in the petition, and this is the only way to distinguish the character of the way.

If there was an application originally to the selectmen in writing, that should have been made a matter of record — not competent to prove it by parol — and no person is entitled to ap-

peal to the Court of Sessions but the petitioners.  *Howard* v.
*Hutchinson,* 1 *Fairf.* 341 ; *Commonwealth* v. *Peters,* 3 *Mass.*
230.

The Court of Sessions can only locate where the selectmen
did.  In this case they adhere merely to the *termini,* but vary in
all other respects.  Now it does not appear that the town of *Hal-
lowell* would not have been willing to have accepted a road lo-
cated where this was by the court.  And it is contended, that the
Court of Sessions have power only to say whether the town has
acted *unreasonably* in refusing to accept the road *as laid out by
the selectmen.*  In this way only can congruity be given to the
statute regulating this subject.

The court had no jurisdiction, because but two of the select-
men acted.  *Clark* v. *Cushman,* 5 *Mass.* 505 ; *Commonwealth*
v. *Ipswich,* 2 *Pick.* 70.

The proceedings are void also, inasmuch as one of the locating
committee was not a *freeholder,* which the statute requires.

Nor does it appear that there was any adjudication of the ne-
cessity of the road, as there should have been.  *Commonwealth*
v. *Egremont,* 6 *Mass.* 491 ;  *Commonwealth* v. *Cummings,* 2
*Mass.* 171.

The proceedings of courts of inferior jurisdiction are void un-
less in conformity to the statute, and may be avoided collaterally
as well as on *certiorari.*  *Wales* v. *Willard,* 2 *Mass.* 120 ;  *Sum-
ner* v. *Parker,* 7 *Mass.* 79 ;  *Cutts & als.* v. *Haskings,* 9 *Mass.*
543 ;  *Smith* v. *Rice,* 11 *Mass.* 507 ;  *Haskell* v. *Haven & al.,*
3 *Pick.* 404 ; 2 *Cowp.* 640; *Bigelow* v. *Stone,* 19 *Johns.* 39 ;
*Ex parte Watkins,* 3 *Peter's Rep.* 205 ; 3 *Peter's C. R.* 1 ; 4
*Johns. R.* 198 ; 1 *Dall. R.* 68 ; 2 *Wilson,* 386.

WESTON C. J.—In the proceedings of the Court of Sessions,
set forth in the warrant to their committee, it is stated that *Phil-
ip Bullen* and six others, had, under their hands, petitioned the
selectmen of *Hallowell* to lay out the road under consideration,
and the petition is recited at length.  And this is evidence, under
the authority of the court, of the facts thus stated.

It is urged, that only two of the three selectmen located the
road, and certified their laying out to the town, under their hands;

and that there is no evidence that the third was present, or that he was notified of their meeting. And authorities have been cited to show, that a meeting of two only, without notice to the third, was not such a meeting as would authorize them to act. Their return states the proceedings to have been had, at a meeting of the selectmen ; from which it might be contended that it was a valid and competent meeting. It further states, that it was a meeting holden at a certain time and place, in pursuance of notice previously published, in a public newspaper printed in *Hallowell*. It was an official notice, of which it cannot be presumed that either of the selectmen was ignorant. That the selectmen of *Hallowell* did lay out the road, which the town had unreasonably refused to approve and allow, is found by the Court of Sessions.

The selectmen having duly and legally laid out the road, and the town having refused to approve and allow it, and parties aggrieved at that refusal having petitioned the Court of Sessions for relief, that court had jurisdiction of the subject matter expressly given to them, by the eleventh section of the act of 1821, in relation to highways, *ch.* 118. And this is a sufficient answer to the authorities, cited by the defendants' counsel, in support of the doctrine, that the acts of a court of special and limited powers, upon a matter not within their jurisdiction, are void.

The adjudication of the court, that the town unreasonably refused, is final and conclusive upon that point ; and is all which, under the statute, this part of the case requires. It was then competent for the court, under the section before cited, to accept and approve of the road laid out by the selectmen, and to direct the same to be recorded in the town book ; or to lay it out by a committee of their own appointment. It is the road petitioned for, that they are thus authorized to lay out. The original petition to the selectmen set forth the *termini*, and submitted, as it ought, the location to their discretion. The petition to the sessions prays, that they would direct the road laid out by the selectmen, to be recorded in the town book, or that they would cause the same to be laid out by three disinterested freeholders, according to law. We are very clear, that the committee have a discretion in the location, between the *termini*. The alternative

given by the statute, could have no other effect, than to create a useless waste of expense, if the committee were not at liberty to vary from the location made by the selectmen.

Every member of the committee was appointed as a freeholder; and they are all described as freeholders. The town had notice, and were fully heard. If any one of the committee was not a freeholder, they might have objected to his appointment at the time. They had a further opportunity after the committee had made their return. The court would doubtless have listened to the objection, and would have made further inquiry as to the fact. Then was the time to have taken the exception; and it would be very inconvenient to bring it into controversy collaterally. There are many objections, which, if made at a proper time, and in the proper stage of judicial proceedings, would be sustained, which are otherwise regarded as waived. And of this character, in the opinion of the court, is the point now taken, that one of the committee was not a freeholder.

The sufficiency of the notice is objected to. It is such, as has been holden proper, upon an original petition. But if insufficient, it could be taken advantage of only upon *certiorari*. Irregularities appearing upon the face of the proceedings upon roads, within the jurisdiction of the sessions, can only be corrected upon this process, according to our practice.

It is contended, that the damages, sustained by the individuals, in whose favor they are awarded in this case, are a proper charge upon the county. Their liability was first created by the statute of 1823, *ch.* 227, and extends only to county roads. It is said, that in this statute, roads are thus described for the first time. A county road originates with the county authorities; and usually passes through more than one town. In common language, it is a mode of distinguishing such a road from a town or private way. The way provided for in the eleventh section of the statute first cited, under which this way was located, is called a private way throughout. It is a private way, which the committee are to lay out. The court exercise in this case a revising or appellate jurisdiction. It may be for the town generally, or it may be for one or more individuals; but it can in no proper sense be called a

county road.   The county, therefore, are not made chargeable with these damages.

It is further insisted, that the town is not liable, first, because it is not found for whose use the way is laid out; and secondly, because there is no order of the court, that they should be paid by the town.   A town way is frequently in the statute called a private way; but in common parlance, a way laid for one or more individuals is termed a private way; and it is believed very rarely denominated a town way.   The selectmen laid out the way in question, as a town road or highway.   They do not describe it as a way located for private use.   The term highway used by them, means a public road.   This road, thus laid out, the sessions adjudge that the town of *Hallowell* unreasonably refused to approve and allow; and they accordingly authorized and empowered their committee "to lay out said road or highway;" and when located, they ordered it to be recorded and known as such. It does then, in our judgment, sufficiently appear, that the road in question was laid out for the use of the town; and it results that it devolves upon them to pay the damages.   And they were finally determined and ascertained, when the sessions accepted the report of their committee.   By the sixth section then of the act of 1828, *ch.* 399, a demand having been made by the plaintiff for the damages awarded to him, upon the treasurer of *Hallowell*, more than thirty days before the suit, he was entitled to maintain an action of debt against the town.   The defendants are to be defaulted; and judgment is to be rendered, according to the agreement of the parties.

*Defendants defaulted.*